WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Baumgartner,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>                    Respondents. | No. CV-19-04563-PHX-MTL<br><br>**ORDER** |

Before the Court is Magistrate Judge James F. Metcalf's Report and Recommendation ("R&R") (Doc. 25), recommending that the Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1) be denied. The Court has reviewed the Petition (Doc. 1), Respondents' Response to the Petition (Doc. 19), Petitioner's Reply to the Response (Doc. 24), the R&R (Doc. 25), Petitioner's Objection to the R&R (Doc. 35), and Respondents' Reply to Petitioner's Objection (Doc. 37). For the reasons expressed below, the Court overrules Petitioner's objections and adopts the R&R.

**I.    BACKGROUND**

In September 2001, Petitioner pled guilty to three counts of attempted sexual conduct with a minor. (Doc. 20 at 4.) Petitioner was "sentenced to eight years in prison on one conviction and placed on lifetime probation for the other two convictions upon his absolute discharge from prison." (*Id.*) Petitioner completed his eight-year sentence and was released on probation. (*Id.*) He then "violated probation twice and was reinstated on probation both times." (*Id.*) Petitioner was then charged with violating his probation for a

third time. (*Id.*) The State's Petition to Revoke outlined several alleged violations based on failure to successfully complete sex offender counseling, associating with prohibited people, changing his intensive probation supervision schedule without permission, accessing the internet without permission, failing to notify the department of a cellphone, and other violations. (Doc. 18-3 at 30–36.) Petitioner then had a violation hearing, where he admitted to one probation violation, and the state trial court set a status hearing.[1] (Doc. 22 at 8–22; Doc. 18-3 at 37–38.) At the status hearing, the state trial court heard from various probation officers about his alleged violations. (Doc. 22 at 24–57.) The state trial court then held the disposition hearing in July 2015, in which the judge revoked Petitioner's probation and sentenced him "to ten years in prison on one conviction and reinstated on lifetime probation for the remaining conviction upon his absolute discharge from prison." (Doc. 20 at 4; Doc. 22-5 at 27–29.)

Petitioner filed a notice of post-conviction relief in August 2015. (Doc. 20 at 8–10.) After his appointed counsel filed a Notice of Completion of Post-Conviction Review, Petitioner filed a pro per petition for post-conviction relief on July 5, 2016. (*Id.* at 12–17, 19–20, 22–53.) The state trial court dismissed this petition, finding no colorable claims. (Doc. 20-8 at 2–7.) Petitioner then petitioned for review in the Arizona Court of Appeals. (Doc. 20-9 at 2–18.) The Arizona Court of Appeals granted review but denied relief on all grounds. *State v. Baumgartner*, No. 1 CA-CR 16-0715 PRPC, 2017 WL 5404317, at *1–2 (Ariz. App. Nov. 14, 2017). The Arizona Supreme Court denied Petitioner's request for review in May 2018. (Doc. 21-4 at 2–16; Doc. 22 at 3.) The Arizona Court of Appeals issued its mandate on June 29, 2018. (Doc. 22 at 6.) Petitioner then filed the present Petition. (Doc. 1.) Petitioner supplemented his Petition with a Memorandum and an Appendix (Docs. 12, 18.) Petitioner has since filed a Motion to Permit Baumgartner to Send Copies of Exhibits Listed in Exhibits/Appendix, which asks the Court to allow and consider additional sentencing documents. (Doc. 36.) He also filed a Motion for a

---

[1] Any mention to the state trial court or to trial counsel describes the proceedings in the probation revocation setting. Petitioner's original trial proceedings are not implicated in this habeas proceeding. (Doc. 25 at 7 n.3.) The parties and Magistrate Judge Metcalf also use this terminology.

- 2 -

Certificate of Appealability. (Doc. 38.)

## II. LEGAL STANDARD

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, this Court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (quoting 28 U.S.C. § 2254). The Court only reviews de novo those portions of the report specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court need not "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection to a magistrate judge's R & R requires "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a petitioner raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. CV-13-00381-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014).

## III. DISCUSSION

The Petition raises three grounds for relief, with the second ground having three subparts: (1) violation of Petitioner's Sixth and Fourteenth Amendment rights because unadmitted parole violations were relied on by the trial court at the probation revocation hearings; (2a) Petitioner's trial counsel was ineffective for failing to object to the violations in Ground 1; (2b) Petitioner's trial counsel was ineffective for failing to challenge amendments made to the charging documents and in failing to advise him to withdraw from his plea; (2c) Petitioner's post-conviction relief counsel was ineffective in failing to assert that trial counsel was ineffective in failing to object to the State's alleged violation of a plea agreement; and (3) prosecutorial misconduct based on conduct in the original plea agreement and prior violation proceedings, false testimony at a status conference, and reliance on unsworn statements by a probation officer. (Doc. 1; Doc. 25

at 6–7.) The R&R recommends that the Petition be denied. (Doc. 25.) The R&R concludes that Grounds 2(b), 2(c), and 3 were not properly exhausted and these procedurally defaulted claims must be dismissed with prejudice. (*Id.* at 9–29.) The R&R also concludes that Grounds 1 and 2(a) "do not justify relief under 28 U.S.C. § 2254(d), and must be denied." (*Id.* at 34–35.) Petitioner uses much of his Objection to restate his arguments that he is entitled to relief, but the Court will focus on the specific objections that he asserts to the R&R. (Doc. 35.) This Court will address each specific objection in turn.

### A.     New Arguments Raised in the Objection

Petitioner raises several new arguments in his Objection that were not raised in the Petition. A petitioner is not entitled as of right to de novo review of evidence and arguments raised for the first time in an objection to the R&R, and whether the Court considers the new facts and arguments presented is discretionary. *United States v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000).

First, Petitioner asserts that he has obtained the "actual stored sentencing documents" from his 2001 sentencing hearing, and that this information establishes that the trial court lacked jurisdiction to impose a sentence following his probation violation and revocation. (Doc. 35 at 3–4.) Petitioner also believes that there was "no jurisdiction to pronounce sentence until and unless [the trial judge] complied with Rule 26 of the Arizona Rules of Criminal Procedure." (*Id.* at 4; *see also id.* at 7.) Second, Petitioner objects to the R&R's citation to Rule 27.8 of the Ariz. R. Crim. P. to conclude that "[a]uthority to revoke is decided at the violation hearing," but failing to "consider the requirements of that same rule as applicable to the disposition hearing." (*Id.* at 13.) Petitioner further states that the R&R missed the "mandatory provision" in Rule 27.8 "that if the following sentence is up to the Court[,] Rule 26 defines the sentencing procedures." (*Id.* at 13–14.) Finally, Petitioner appears to assert that the preclusion rule in Rule 32.2(a)(3) of the Ariz. R. Crim. P. is not "applied generally" and does not bar this Court from considering his defaulted claims. (*Id.* at 14–15.)

Although the Court is under no obligation to review Petitioner's newly raised arguments that were not presented in the Petition, the Court has nonetheless considered these arguments. *See Allen v. Modi*, No. CV-14-00378-PHX-SPL (JFM), 2015 WL 4776448, at *1 (D. Ariz. Aug. 14, 2015). The Court agrees with the Respondents' Response to Petitioner's Objections that these new arguments lack merit. (Doc. 37.) Petitioner did not raise the first and second arguments in state court. (Doc. 20 at 23, 89–106.) These arguments would be procedurally defaulted, with no grounds to provide relief on review, and lack merit. 28 U.S.C. § 2254(c)(2)(B); *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). As to Petitioner's third argument, the R&R did not conclude that any of Petitioner's claims were defaulted because of Arizona's preclusion rules. (Doc. 25 at 10–13.) This final argument is therefore irrelevant and has no merit. Each of these new arguments presented for the first time in Petitioner's Objection are overruled.

### B. Plea Agreement

Petitioner also claims that the R&R erred by concluding that there was "no applicable plea agreement" under which he admitted his probation violation. (Doc. 35 at 5.) The R&R concluded that:

> Here, there simply was no plea agreement. There is no evidence that the prosecution and defense had agreed to exchange an admission to a violation for a particular outcome, whether dismissal of other violations, revocation or reinstatement, or a particular sentence on revocation. While such a plea is not common at trial, where each offense admitted increases sentencing exposure, etc., a probation can be ordered revoked in Arizona based upon any one violation, making admission of the other violations unnecessary to authorize revocation. . . .
>
> Unlike many guilty pleas where the prosecution agrees to dismiss certain counts or allegations or foregoes certain sentencing enhancements or arguments in exchange for a guilty plea, there was no such agreement by the prosecution. Petitioner simply made an unadorned admission to one of the

- 5 -

>probation violations. He has presented nothing . . . to support the contention that there were representations by the prosecution or the court that his unadmitted violations would not be considered.

(Doc. 25 at 24–25 (citations omitted).) The R&R then found that Claims 2(b) and 3, which allege a violation of a plea agreement, were procedurally defaulted and the R&R did not address the merits of those claims. (*Id.* at 10–13.)

A state prisoner must properly exhaust all state court remedies before this Court may grant an application for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1), (c); *see Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Coleman*, 501 U.S. at 731. Arizona prisoners properly exhaust state remedies by presenting claims to the Arizona Court of Appeals in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843–45 (1999); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). "To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994); *see also* Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a), 32.4(a). A procedural bar exists if a claim was not fairly presented in state court and no state remedies remain available to the petitioner. *Teague v. Lane*, 489 U.S. 288, 298–99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).

Petitioner failed to raise Grounds 2(b) and 3 in a procedurally appropriate manner. Both claims were not raised to the Arizona Court of Appeals, which is required for exhaustion. (Doc. 25 at 10–13.) Although Petitioner notes that he raised these arguments to the post-conviction relief court, he did not exhaust the claim to the proper Arizona court. *See Castillo v. McFadden*, 399 F.3d 993, 999–1000 (9th Cir. 2005) (quotations and citations omitted). Petitioner's objections on this point do not excuse this failure. Thus, each ground is procedurally barred.

Even so, the Court may review Petitioner's procedurally defaulted claims if he can prove either (1) cause for the default and actual prejudice to excuse the default, or (2) a miscarriage of justice/actual innocence. 28 U.S.C. § 2254(c)(2)(B); *Schlup*, 513 U.S. at

321; *Coleman*, 501 U.S. at 750. "Cause" is something that "cannot be fairly attributable" to a petitioner, and a petitioner must show that this "objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (citation and internal quotation marks omitted). To establish prejudice a "habeas petitioner must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (citation omitted). "Such a showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied 'fundamental fairness' at trial." *Id.*

The miscarriage of justice exception to procedural default "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008). To meet this high standard, a petitioner must establish their factual innocence of the crime and not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882–83 (9th Cir. 2003). A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (citation omitted). Because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (citing *Calderon v. Thomas*, 523 U.S. 538, 559 (1998)).

Petitioner has not raised any meritorious arguments to excuse his procedural default on these grounds. (Doc. 1; Doc. 12; Doc. 24 at 1–5, 22–24; Doc. 35 at 10–11.) The R&R correctly concludes that Petitioner has no remedies available through direct appeal or post-conviction relief to exhaust Grounds 2(b) and 3. (Doc. 25 at 14–17.) The R&R also goes into detail for each of Petitioner's arguments that the Court excuse his procedural defaults based on cause and prejudice. (*Id.* at 17–28.) The Court agrees with

the R&R's findings and conclusions on each basis. Petitioner has not raised an argument that, on de novo review, would excuse his procedural default.

As the Respondents' response maintains, "[i]n any event," Petitioner "now alleges that his sentence violated the 2001 plea agreement." (Doc. 37 at 4 (citing Doc. 35 at 7–8).) Petitioner asserts in his Objection that the R&R's rejection of his "argument of a violation of the plea agreement, concluding that there was no plea agreement, . . . is misplaced, looking only at the transaction as was done in 2015." (Doc. 35 at 11.) He further notes that the R&R "fail[s] to note the entry of the parties into a written plea agreement in 2001 that controls the entire sentencing." (*Id.* at 7.) In the Petition, however, Petitioner only asserted that his admission of the probation violation was subject to a plea agreement entered in 2015. (Doc. 1 at 17; Doc. 12 at 4, 6.) Petitioner did not argue in the state courts, or the Petition, that his sentence violated the 2001 plea agreement. The Court therefore need not review this de novo. *Howell*, 231 F.3d at 621–22. The Court nonetheless has considered the argument and finds that Magistrate Judge Metcalf did not err by failing to consider an argument that Petitioner did not raise in his Petition regarding his procedurally defaulted claim. The argument itself lacks merit. Petitioner is denied any relief on his plea agreement objection.

C.     Ground 2(a)

Petitioner next argues that he demonstrated that his counsel was ineffective in failing to ensure his Sixth Amendment rights to present witnesses and to confront the State's witnesses. (Doc. 35 at 6–7.) Petitioner asserts that the post-conviction court "missed the Court's own prior error . . . and the Court of Appeals obviously did not look at the original sentencing or the controlling 3/4 page Rule for Probation Revocation." (*Id.* at 7.) He specifically objects that the R&R "follows the same lame analysis, focusing almost totally upon the probation revocations issues instead of the tiny felony sentencing record."[2] (*Id.*)

"An ineffective assistance claim has two components: A petitioner must show that

---
[2] As the Respondents point out, Petitioner "does not explain what the 'tiny felony sentencing record' is, or how it would change the analysis of his claim." (Doc. 37 at 5.)

- 8 -

counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted). A court deciding a Sixth Amendment ineffectiveness claim must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). A defendant making a claim of ineffective assistance of counsel must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Id*. The Court must then determine, considering all the circumstances, whether the acts or omissions were outside "the wide range of professionally competent assistance." *Id*. In making that determination, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. Finally, "[r]elief is warranted only if no reasonable jurist could disagree that the state court erred." *Murray v. Schriro*, 882 F.3d 778, 825 (9th Cir. 2018) (citations omitted).

The R&R addressed Ground 2(a) on the merits. (Doc. 25 at 32–34.) Magistrate Judge Metcalf concluded that Arizona state courts reasonably rejected this claim:

> Arizona has plainly held that unsworn testimony can be relied on in probation revocation proceedings. *See State v. Sanchez*, 506 P.2d 644, 645, 19 Ariz. App. 253, 254 (Ariz. App. 1973) ("The probationer complains that the judge took no formal sworn testimony and relied heavily on written reports. We find no such specific requirement in Arizona case law.["]). *See* Ariz. R. Crim. P. 27.8(b)(3) ("The court may receive any reliable evidence, including hearsay, that is not legally privileged."). And, the Arizona Court of Appeals so held in Petitioner's case. (Exh. A, Mem. Dec. at ¶ 6.)
>
> Further, Petitioner points to, and the undersigned has found, no Arizona case holding that unadmitted violations (or even dismissed violations when proven at the disposition hearing) may not be considered in the disposition decision. Indeed, the Arizona courts are generally authorized to consider all relevant conduct in making sentencing decisions, irrespective of whether it has resulted in a conviction, or even if it was

>dismissed as part of a plea agreement. *See*[,] *e.g.*[,] *State v. Hanley*, 108 Ariz. 144, 146, 493 P.2d 1201, 1203 (1972) (rejecting argument that trial court erred at sentencing by "taking into consideration those offenses in the original charge which were dismissed as the result of the guilty plea"); *State v. Shuler*, 162 Ariz. 19, 21, 780 P.2d 1067, 1069 (Ariz. App. 1989) (approving of consideration of uncharged conduct). In similar fashion, the Arizona courts have not restricted considerations at the disposition hearing to violations proved or admitted at the violation hearing. *State v. Elmore*, 174 Ariz. 480, 484, 851 P.2d 105, 109 (Ct. App. 1992) (approving of consideration of probationer's "prior bad conduct").

(Doc. 25 at 33–34.) The R&R therefore found that "the state court's rejection of the claim in Ground 2(a) was neither contrary to nor an unreasonable application of *Strickland*." (*Id.* at 34.)

The Court agrees with the R&R's conclusion that Petitioner's Ground 2(a) lacks merit. Arizona state law is clear that in these probation revocation hearings, courts can allow unsworn testimony. (Doc. 25 at 33.) As the R&R notes, there is no holding that precludes a state judge, at the revocation hearing stage, to consider only admitted violations, and not all relevant conduct that is used in other sentencing determinations. (*Id.* at 34.) Petitioner also continues to assert that he established that his counsel ineffectively failed to object to these unadmitted violations in revoking his probation and to present mitigation. (Doc. 35 at 9–11.) Petitioner cannot show that there were viable objections to be raised by counsel to begin with. The failure to take futile action can never be deficient performance. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996); *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982). Petitioner has not shown, and this Court does not find, that the R&R's conclusions on this claim were contrary to, or an unreasonable application of *Strickland*. Ground 2(a) must therefore be denied.

**D.     Letters of Mitigation**

Petitioner's final specific objection is that the "R&R adds a[n] imaginative fact" to its summary of his Supplemental Petition for Review, by stating that "the Commissioner

- 10 -

did see [letters of mitigation] and found them not to be mitigating." (Doc. 35 at 13.) Petitioner cites part of the R&R, which provides:

> Counsel then appeared on Petitioner's behalf and filed a Supplemental Petition for Review (Exh. L), pointing to evidence to show that the victim (then 20 years old) and her mother were opposed to further punishment, and arguing failure to give the victim notice and an opportunity to be heard was a violation of state law, and that the trial court erred and acted arbitrarily and capriciously in failing to find letters of support by the victim to be a mitigating factor.

(Doc. 25 at 5–6; Doc. 35 at 13.)

Petitioner's objection to the R&R's summary is misguided. Magistrate Judge Metcalf only provided a summary and did not hold that the state judge saw the letters of mitigation and found them not to be mitigating. (Doc. 25 at 5–6.) This objection does not impact Petitioner's grounds for relief and does not apply to the R&R's findings and conclusions. Even if Magistrate Judge Metcalf did hold that, it would not change this Court's analysis on this issue. The Court finds that this objection is overruled.

### E.     Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1). Because this Court rendered the judgment denying the Petition, the Court must either issue a certificate of appealability or state why a certificate should not issue. *See id.* A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Upon its own review of the record considering the standards for granting a certificate of appealability and Petitioner's arguments (Doc. 38), the Court agrees with the R&R's conclusion and will not issue a certificate of appealability.[3]

---

[3] As Respondents note, Petitioner "did not object to the Magistrate Judge's

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation (Doc. 25).

**IT IS FURTHER ORDERED denying** the Petition (Doc. 1) and **dismissing** it with prejudice.

**IT IS FURTHER ORDERED** declining to issue a certificate of appealability.

**IT IS FURTHER ORDERED granting** Petitioner's Motion to Permit Baumgartner to Send Copies of Exhibits Listed in Exhibits/Appendix (Doc. 36) to the extent that the Court has permitted Petitioner to supplement the record with the sentencing documents included therein and considered these documents along with Petitioner's arguments and objections.

**IT IS FURTHER ORDERED denying as moot** Petitioner's Motion for a Certificate of Appealability (Doc. 38).

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

Dated this 2nd day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

recommendation [of denying a certificate of appealability] in his Objections to the R&R." (Doc. 39 at 1 n.1.) A proper objection made to a magistrate judge's R&R "requires '*specific written objections* to the proposed findings and recommendations.'" *Warling v. Ryan*, No. CV-12-01396-PHX-DGC (SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting Fed. R. Civ. P. 72(b)). Although the Court has no obligation to review Petitioner's objections to the R&R on this issue, the Court nonetheless has considered the Motion for Certificate of Appealability (Doc. 38) in its determination.